UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

| | | |
|---|---|---|
| RONNIE LEE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 10-111-DLB |
| | ) | |
| v. | ) | |
| | ) | |
| LINDA RAE BRAMLAGE, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*\* \*\*\*\* \*\*\*\*

Ronnie Lee Smith, a resident of Verona, Kentucky, has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. (Doc. #2). The Court has granted his motion to proceed *in forma pauperis* by separate Order. After review of Smith's Complaint,[1] dismissal is appropriate for the reasons stated below.

In his Complaint, Smith names Renee and Steve Gibson, and Gallatin County District Court Judge Linda Bramlage. Smith indicates the Gibsons are "the court appointed guardians of my son ..." (Doc. #2, at 1), but that he is the father of a child with Renee Gibson. In July 2009, Smith filed a petition for a writ of habeas corpus in Judge Bramlage's court in an effort to obtain custody of his son, which Judge Bramlage denied on the basis of testimony from Renee Gibson denying Smith's paternity, testimony which Smith contends is false. Smith further contends that Judge Bramlage

---

[1]The Court conducts a preliminary review of civil rights complaints. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Because the plaintiff is not represented by an attorney, the complaint is reviewed under a more lenient standard. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). At this stage, the Court accepts as true the plaintiff's allegations, construing them in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court must dismiss a case at any time if it determines the action (a) is frivolous or malicious, or (b) fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

recently declined his request to alter or vacate a domestic violence order restraining him from contacting his son based upon the same evidence. (Doc. #2, at 2). Smith alleges these actions violate his due process rights under the Fifth and Fourteenth Amendments to the Constitution of the United States as well as other rights under the Ninth, Tenth, and Thirteenth Amendments. Smith filed suit against each of the defendants in their individual capacities and seeks monetary damages.

However, Smith may not maintain suit against Judge Bramlage in her individual capacity. Judges are entitled to absolute judicial immunity against a claim that the judge's actions–taken during the course of judicial proceedings–violated a litigant's civil rights under Section 1983. *Ireland v. Tunis*, 113 F.3d 1435, 1440 (6th Cir. 1997). Smith's allegations against Judge Bramlage clearly relate to her conduct taken in her role as judge, and thus fall within the scope of judicial immunity. *Rose v. Leaver*, 35 F. App'x 191, 192-93 (6th Cir. 2002).

Plaintiff also fails to state a civil rights claim against Renee Gibson or Steve Gibson because the Gibsons' actions as private citizens were not taken "under color of state law" as required for liability to attach under Section 1983. *Jones v. Reynolds*, 438 F.3d 685, 689 (6th Cir. 2006); *see McArthur v. Bell*, 788 F. Supp. 706, 710 (E.D.N.Y. 1992) (witness testifying at child support modification proceedings is not acting under color of state law for purposes of Section 1983); *Briscoe v. LaHue*, 460 U.S. 325, 329-30 (1983) ("when a private party gives testimony in open court in a criminal trial, that act is not performed 'under color of law.'"). The Bill of Rights and civil rights laws are designed to protect against oppressive actions taken by the government through its officials and public employees; actions taken by private individuals on their own behalf do not fall within their scope. Because the Gibsons' conduct in the prior state court proceeding, as described by Smith, do

2

not involve action taken "under color of state law," his Complaint fails to state a claim against them, and must be dismissed. *Glasspoole v. Albertson*, 491 F.2d 1090, 1091 (8th Cir. 1974) (former spouse and her counsel did not act under color of state law by initiating contempt proceeding against former husband in divorce case, and civil rights action against them was properly dismissed).

Accordingly, **IT IS ORDERED THAT**:

1. Plaintiff's Complaint (Doc. #2) be, and is hereby **DISMISSED WITH PREJUDICE**.

2. A Judgment in favor of Defendants shall be entered concurrently herewith.

This the 2nd day of June, 2010.



Signed By:
David L. Bunning
United States District Judge

G:\DATA\ORDERS\ProSe\Smith 10-111-DLB Memorandum RBW.wpd

3